UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK CHARLES BRANCH, | No. 2:15-cv-0528-EFB P |
| Plaintiff, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He claims that he should have been released from prison no later than November 13, 2007, and that he was illegally confined until September 12, 2014, when he was paroled.[2] ECF No. 1. As explained below, this action must be dismissed as *Heck*-barred.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis. Plaintiff's request for leave to proceed in forma pauperis is granted, as it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Court records reflect that plaintiff previously challenged the length of his sentence in a federal habeas corpus action. *See Branch v. Swarthout*, No. 3:11-cv-857-AJB (NLS), 2011 U.S. Dist. LEXIS 139471 (S.D. Cal. Oct. 7, 2011), *report and recommendation adopted by* 2011 U.S. Dist. LEXIS 138312 (S.D. Cal. Dec. 1, 2011), *vacated in part on other grounds by* 2012 U.S. Dist. LEXIS 9971 (S.D. Cal. Jan. 27, 2012). The federal habeas petition was denied. Because plaintiff's sentence was not reversed or invalidated, this § 1983 challenge to his sentence is *Heck*-barred.[3] Accordingly, this action must be dismissed without leave to amend.[4] *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court

/////

---

[3] The doctrine of res judicata could also bar plaintiff's claim in this action. *See Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (per curiam) (holding that "a prior federal habeas decision may have preclusive effect in a § 1983 action.").

[4] The court notes that plaintiff's release on parole does not affect the application of the *Heck* bar in this case. *Cf Nonnette v. Small*, 316 F.3d 872, 878 n.7 (9th Cir. 2002) (recognizing exception to *Heck* bar that is limited to "former prisoners challenging loss of good-time credits, revocation of parole or similar matters").

1 | should grant leave to amend even if no request to amend the pleading was made, unless it
2 | determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. The complaint is dismissed without leave to amend; and

3. The Clerk is directed to close the case.

DATED: July 2, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE